**ORIGINAL**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| LANA VENTO,<br>17 Estate Frydendahl, St. Thomas,<br>U.S. Virgin Islands 00802,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | CASE NUMBER 1:06MS00524<br>JUDGE: Emmet G. Sullivan<br>DECK TYPE: Miscellanous<br>DATE STAMP: 11/21/2006 |

### PETITION TO QUASH IRS THIRD-PARTY SUMMONS

COMES NOW, Lana Vento, by and through her attorneys, and petitions this Court to quash the administrative summonses issued by the Internal Revenue Service to Irwin L. Crawford II, stating and alleging as follows:

1. Section 7609(h) of the Internal Revenue Code of 1986, as amended, confers jurisdiction upon the district court for the district in which the person to whom an administrative summons issued by the Internal Revenue Service is directed resides or is found to hear and determine any proceeding to quash the summons.

2. This Court also has jurisdiction under 28 U.S.C. sec. 1340.

3. Petitioner Lana Vento is a citizen of the United States residing at 17 Estate Frydendahl, St. Thomas, U.S. Virgin Islands 00802.

4. Respondent is the United States of America, for and on behalf of the Internal Revenue Service of the Department of the Treasury.

5. Internal Revenue Agent Jackie Moss issued a Summons for the production of documents under the apparent authority of section 7602(a) of the Internal Revenue Code of 1986, as amended, dated November 1, 2006, directed to Irwin L. Crawford II, of 1850 K Street, N.W., Suite 900, Washington, D.C. 20006. The Summons directs Mr. Crawford to provide copies of "any and all documents, memos, agreements, emails and correspondence concerning Lana Vento and/or any account that Lana Vento has opened and/or has signature authority over for 2002, 2003, and 2004." A copy of the summons as delivered to counsel for Petitioner is attached hereto as Exhibit A.

6. Upon information and belief, Petitioner alleges that Mr. Crawford is an employee or officer of Salomon Smith Barney, Inc., a broker-dealer in securities with an office at 1850 K Street, N.W., Suite 900, Washington, D.C. 20006.

7. The Summons is invalid because it fails three of the four criteria under Powell v. United States, 379 U.S. 48 (1964), for enforcement of an administrative summons issued by the Internal Revenue Service, to wit:

    a. The Summons was issued for an invalid purpose. As a bona fide resident of the U.S. Virgin Islands within the meaning of section 932(c)(4) of the Internal Revenue Code of 1986, as amended, Mrs. Vento filed her income tax return with the United States Virgin Islands Bureau of Internal Revenue, reporting worldwide income and paying tax thereon under the Internal Revenue Code of 1986, as amended, as it applies in the U.S.

Virgin Islands by operation of 48 U.S.C. sec. 1397. Accordingly, Mrs. Vento has no additional tax liability which could be the subject of any investigation by the Internal Revenue Service.

b. Assuming, *arguendo*, that determining whether Mrs. Vento is a bona fide resident of the U.S. Virgin Islands within the meaning of section 932(c)(4) of the Internal Revenue Code of 1986, as amended, is a valid purpose under <u>Powell</u>, the information and documents sought have no relevance whatsoever to the determination of residency under the facts-and-circumstances test for residency as set forth in <u>Sochurek v. Commissioner</u>, 300 F.2d 34 (7th Cir. 1062). No information or documents that would be obtained from Mr. Crawford could have any bearing on any of the 11 <u>Sochurek</u> factors: (1) the intention of the taxpayer; (2) establishment of a home temporarily in the foreign country for an indefinite period; (3) participation in the activities of his or her chosen community on social and cultural levels, identification with the daily lives of the people and, in general, assimilation into the foreign environment; (4) physical presence in the foreign country consistent with employment; (5) nature, extent and reasons for temporary absences from his or her temporary foreign home; (6) assumption of economic burdens and payment of taxes to the foreign country; (7) status of resident contrasted to that of transient or sojourner; (8) treatment accorded his or her income tax status by his or her employer; (9) marital status and residence of his or her family; (10) nature and duration of employment, whether his or her assignment abroad could be promptly accomplished within a definite

or specified time; and (11) good faith in making his or her trip abroad and not for the purpose of tax evasion. Thus, the issuance of the Summons fails the second <u>Powell</u> test.

   c. Assuming, *arguendo*, that the Internal Revenue Service has a legitimate purpose in investigating Mr. Vento, the Summons is so broad as to encompass information and documents having no relevance to the determination of the United States income tax liability of Petitioner, thus also failing the second test of <u>Powell</u>. For example, the Summons's demand to Mr. Crawford for "any and all documents, memos, agreements, emails and correspondence concerning Richard Vento . . . for 2002, 2003, and 2004" necessarily includes a demand for data having nothing to do with Richard Vento's accounts at Salomon Smith Barney, Inc.

   d. The Summons fails the fourth test of <u>Powell</u> in that is was not issued pursuant to a valid delegation order by which the IRS is authorized to investigate the income tax liability of individuals who are bona fide residents of the U.S. Virgin Islands within the meaning of section 932(c)(4) of the Internal Revenue Code of 1986, as amended.

  8. Contemporaneously with or prior to the filing of this Petition, copies of this Petition were mailed by registered or certified mail to the person summoned and the IRS officers indicated in the Summons.

WHEREFORE, Petitioner Lana Vento, by and through her attorneys, prays that the Summons be quashed and for all other just and proper relief to which she is entitled.

Date: November 21, 2006.

LANA VENTO, PETITIONER

By: MICHAEL C. DURNEY

*/s/ Michael C. Durney*

LAW OFFICES OF MICHAEL C. DURNEY
1072 Thomas Jefferson Street, N.W.,
Washington, D.C. 20007
(202) 965-7744
FAX: 202 965-7745
D.C. Bar No. 111872
Email: mcd@mdurney.com

Attorney for Petitioner

5



# Summons

In the matter of Lana Vento
Internal Revenue Service (Division): SB/SE
Industry/Area (name or number): Speciality Programs, International Compliance
Periods: January 1, 2002 to December 31, 2004

### The Commissioner of Internal Revenue

To: Irwin L Crawford II
At: 1850 K Street NW, Suite 900, Washington, DC 20006

You are hereby summoned and required to appear before Jackie Moss or her designated assignee an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Provide copies of any and all documents, memos, agreements, emails and correspondence concerning Lana Vento and/or any account that Lana Vento has opened and/or has signature authority over for 2002, 2003, and 2004.

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
8700 Tesoro Drive, Suite 201, Stop 4309 SANC, ATTN: Jackie Moss, San Antonio, TX 78217 ph. 210-841-2134

Place and time for appearance at 500 N. Capitol St. NW
Washington, DC 20221

**IRS** on the 8TH day of DECEMBER, 2006 at 10 o'clock A m.
Issued under authority of the Internal Revenue Code this 1 day of November, 2006

Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Signature of issuing officer — Internal Revenue Agent — Title
Signature of approving officer (if applicable) — Team Manager — Title

Part C — to be given to noticee

**EXHIBIT A**

To: LANA VENTO                                  Date:
Address: 6501 RED HOOK PLAZA, PMB 534
         ST. THOMAS, VI 00802

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

### General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

### Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part D — to be given to noticee

To: LANA VENTO                                              Date:
Address: P.O. Box 8057
         INCLINE VILLAGE, NV 89452

---

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part D — to be given to noticee



**Internal Revenue**
1111 Constitution
Washington DC 20224-0002

LEYYA
5:xE: S/m:TB1/111G

Official Business
Penalty for Private Use, $300

CERTIFIED MAIL

7002 2030 0002 3013 1118

RECEIVED
NOV 14 2006
Marjorie Roberts, PC

RETURN RECEIPT REQUESTED

MS MARJORIE ROBERTS
ONE HIBISCUS ALLEY
ST THOMAS, VI 00802

RETURN RECEIPT REQUESTED

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LANA VENTO,<br>17 Estate Frydendahl, St. Thomas,<br>U.S. Virgin Islands 00802,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Petition to Quash IRS Third-Party Summons |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Petition To Quash IRS Third-Party Summons was deposited in the U.S. Mail, certified, return receipt requested, with postage prepaid, addressed to:

    Mr. Irwin L. Crawford
    1850 K Street, N.W., Ste. 900
    Washington, D.C. 20006

    Internal Revenue Service
    Attn: Jackie Moss
    8700 Tesoro Drive, Suite 201
    Stop 4309 SANC
    San Antonio, Texas 78217

    Internal Revenue Service
    500 N. Capitol St.
    Washington, D.C. 20221

Vento v. United States
Certificate of Mailing of Copy of Petition

>Attorney General
>U.S. Department of Justice
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530
>
>Stuart D. Gibson, Esquire
>Senior Litigation Counsel
>Tax Division
>U.S. Department of Justice
>P.O. Box 227
>Washington, D.C. 20044

this 21st day of November, 2006.

>Attorney for Petitioner
>
>MICHAEL C. DURNEY
>
>_/s/ Michael C. Durney_
>
>LAW OFFICES OF MICHAEL C. DURNEY
>1072 Thomas Jefferson Street, N.W.,
>Washington, D.C. 20007
>(202) 965-7744
>FAX: 202 965-7745
>D.C. Bar No. 111872
>Email: mcd@mdurney.com

2